[Civ. No. 11694. Second Appellate District, Division One.—May 4, 1938.]

F. E. FOSTER et al., Trustees, etc., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Paul R. Hutchinson for Petitioners.

Everett W. Mattoon, County Counsel, Douglas De Coster, Chief Deputy County Counsel, Olson & Olson and Homer N. Boardman for Respondent.

YORK, P. J.—By this proceeding petitioners seek a peremptory writ of mandate directing respondent to substitute Paul R. Hutchinson as their attorney in the place and stead of Olson & Olson. C. L. Olson and R. C. Olson are attorneys at law and comprise the firm of Olson & Olson. They are attorneys-of record of the petitioners, who are interveners and cross-complainants in the superior court case of *Carson* v. *Barnhart-Morrow Consolidated,* which is an action to quiet title to and to determine adverse interests in personal property, i. e., the sum of $43,451.25 impounded in the custody of the court, and $7,000 in the possession of a local banking institution. By said action petitioners seek to determine their right to have and receive 7½ per cent of 70 per cent of the proceeds of the gross production from certain oil leasehold estates. In pursuance of such endeavor a cross-complaint in intervention was prepared and filed on February 4, 1937, by said Olson & Olson, in accordance with an agreement between said petitioners and said attorneys, whereby the latter were to perform legal services for the former in connection with said superior court case upon a contingency basis, to wit:

"In consideration and as full compensation for any and all services of the second parties in connection with the prosecution of said claim and in any and all actions and legal proceedings for the establishment thereof and the recovery of moneys thereon, the second parties shall have and receive, and the first parties shall assign to the second parties one-

third of all moneys recovered and of all interests and rights established under said claim. If no moneys or rights or interests are recovered or established thereon, then the second parties shall receive nothing for their services in connection with the prosecution of said claim.

"The one-third contingency interest hereby agreed to be paid and assigned to said second parties relates to one-third of the 7½% interest hereinbefore referred to, and in the event that not more than two-thirds thereof is recovered and established upon said claim of the first parties and the unit-holders they represent, then the contingent fee agreed to be paid and assigned to said second parties shall be one-half of the amount and interests so recovered and established."

On July 19, 1937, after the attorneys had fully prepared their case and the same had been set for trial, the petitioners herein filed their notice of motion for an order "substituting Paul R. Hutchinson as attorney for said moving parties for and in the place of Olson and Olson, previous counsel for said parties, and will move the Court at said time to set the fees and compensation of said Olson & Olson for services rendered to date in accordance with the provisions of C. C. P. Sec. 284". The affidavit of petitioner Penn in support of said notice of motion recites: "That your affiant desires to show to the court that in addition to their desire to exercise their prerogative to change counsel for general reasons, that on or about December 22, 1936, the said Olson & Olson filed suit against these moving parties for the balance due on their claim of $60,000 for attorneys fees rendered in another matter . . . that your affiant believes that the claim is unconscionable under the circumstances of the case, feels that it is to the best interest of the trust and your affiant that they obtain other counsel in accordance with their notice of motion attached hereto." On August 5, 1937, the court granted the motion for substitution "upon condition that E. E. Foster and H. A. Penn, as trustees and managing agents, deliver to Olson and Olson a good and sufficient assignment of their right, title and interest to 2½% of 70% of the production of Julian Wells 1, 2, 3 and 11, the same coming from the 7½% under dispute in this action and not from any other source. If such assignment is not made on or before August 9, the motion for substitution will be denied." Thereafter, petitioners filed notice of motion for reconsideration by the court

of its order of August 5th, and also notice of a further motion for substitution of attorneys on the ground that the contingency agreement was oppressive and the case had not been prosecuted with due diligence. Said motion for reconsideration was heard on September 15, 1937, and on November 18th, the court made its order denying substitution of attorneys except upon the same terms and conditions as provided in its original order of August 5, 1937.

The terms and conditions contained in said order of August 5th were fixed upon the application of petitioners herein for an order determining the fees and compensation of the attorneys Olson & Olson, pursuant to the provisions of section 284 of the Code of Civil Procedure, as amended by Stats. 1935, p. 1647, to wit:

"The attorney in an action or special proceeding may be changed at any time before or after judgment or final determination as follows: . . . 2. Upon the order of the court, upon the application of either client or attorney, after notice from one to the other *except that in all civil cases in which the fee or compensation of the attorney is contingent upon the recovery of money, in which case the court shall determine the amount and terms of payment of the fee or compensation to be paid by the party.*" (The italicized portion was added by the 1935 amendment.)

█ Petitioners in this proceeding in *mandamus* urge (1) that the 1935 amendment to section 284, *supra*, is unconstitutional and void; (2) that under said section they are entitled to an order of substitution as a matter of right free from any conditions; (3) that even though said section is constitutional, the order of the court exceeded the limitation of its power and authority.

By initiating the proceeding under section 284 of the Code of Civil Procedure and by directly requesting the court to set the fees and compensation of the attorneys for services rendered, petitioners waived their right to and are now estopped to question the constitutionality of the statute under which they proceeded. "A person may by his acts or omission to act, waive a right which he might otherwise have under the provisions of a constitution; and where such acts or omissions have intervened, a law will be sustained which otherwise might have been held invalid, if the party making the objection had not by prior acts precluded himself from

being heard in opposition. Thus a person who has participated in proceedings under a statute, or who has acted under the statute and in pursuance of the authority conferred by it, or who has claimed the benefit of the statute to the detriment of others, or who asserts rights under it, may not question its constitutionality.'' (12 Cor. Jur. 769; 11 Am. Jur. 766, 767; *Gregory* v. *Hecke*, 73 Cal. App. 268, 284 [238 Pac. 787]; *Ison* v. *Western Vegetable Distributors*, 48 Ariz. 104 [59 Pac. (2d) 649, 654, 655]; *Nuckolls* v. *United States*, (C. C. A., 10th Circuit, Colorado), 76 Fed. (2d) 357, 360.)

In the Ison case, *supra,* the petitioner instituted a proceeding for compensation under the Workmen's Compensation Act, and during the course thereof he raised the question of the constitutionality of the act, claiming he had been denied due process of law in that the industrial accident commission was not, within the meaning of the fourteenth amendment to the federal Constitution, ''that fair and impartial tribunal which every man is entitled to in determining his legal rights''. It was there held (pp. 654, 655) that ''petitioner was not brought before the commission against his will nor by any act on its part. He invoked its jurisdiction voluntarily, for the purpose of securing from it an affirmation of an alleged right, created by the same act which made the commission the judge as to whether such right existed in a particular case. It is the general rule of law that when a party invokes the benefit of a statute, he may not, in one and the same breath, claim a right granted by it and reject the terms upon which the right is granted. (*Tovrea Packing Co.* v. *Live Stock Sanitary Board*, 44 Ariz. 151 [34 Pac. (2d), 420].) . . . 'More than this (quoting from *Hawkins* v. *Bleakly*, 243 U. S. 210, 216 [37 Sup. Ct. 255, 61 L. Ed. 678, 684, Ann. Cas. 1917D, 637]), the employer in this case having elected to accept the provisions of the law, and such benefits and immunities as it gives, may not escape its burdens by asserting that it is unconstitutional. The election is a waiver and estops such complaint. (*Daniels* v. *Tearney*, 102 U. S. 415 [26 L. Ed. 187]; *Grand Rapids & I. R. Co.* v. *Osborn*, 193 U. S. 17 [24 Sup. Ct. 310, 48 L. Ed. 598].)' ''.

■ As to petitioners' contention that the court by making its order herein (which was made at their own request), exceeded its power and authority, the record shows that such order was made pursuant to the provisions of section 284 of

the Code of Civil Procedure, as amended, and also under the terms of the contract for contingent fees executed by the parties hereto. There is therefore no merit in such contention.

The alternative writ is discharged and the petition for a peremptory writ of mandate is denied.

Doran, J., and White, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 31, 1938.