[Crim. No. 6398.   In Bank.   Oct. 30, 1959.]

In re JAMES DOMINICK SGRO, on Habeas Corpus.

James Dominick Sgro, in pro. per., and Edward Molkenbuhr, Jr., under appointment by the Supreme Court, for Petitioner.

Stanley Mosk, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondent.

TRAYNOR, J.—Petitioner is held under a judgment of conviction entered on his plea of guilty of burglary (Pen. Code, § 459), which the court found to be in the second degree. In his petition in propria persona for a writ of habeas corpus petitioner charges that his conviction was obtained in violation of his constitutional right to counsel.

Petitioner asserts that he was 19 years of age at the time he was charged with the commission of the burglary for which he is now imprisoned; that he appeared in court without counsel and entered a plea of guilty; that he was not asked by the court if he had counsel, or if he wished to be represented by counsel at this proceeding or at any other time; and that he did not understand or freely waive his constitutional right to counsel. We issued an order to show cause why the writ should not be granted and appointed a referee to take evidence and make findings. The referee found that petitioner "did understand his right to counsel and freely waived it when he pleaded guilty on July 3, 1958." Petitioner has filed objections to these findings.

After a review of the proceedings below, we have concluded that the findings of the referee are correct and that therefore the writ should not issue. The record discloses that petitioner had been represented by a court-appointed attorney upon a previous charge of felony; that he was twice informed by a police officer of his right to be represented by counsel on this charge; and that he was assisted in preparing an affidavit of indigency so that counsel could be appointed for him. The municipal court appointed counsel for petitioner, but the order of appointment was vacated at petitioner's request at the preliminary examination on July 1, 1958. At that time the court asked petitioner whether he wished to proceed without an attorney, to which he replied, "Yes." On direct examination the deputy district attorney asked petitioner whether he

was aware that he had a right to be represented by counsel at all stages of the proceedings and that if he did not have funds to engage an attorney the court would appoint one for him. Petitioner answered affirmatively and stated that he wished to waive his right to counsel and proceed without representation. Subsequently, at his arraignment in the superior court, petitioner again expressly waived his right to be represented by an attorney, and declined the court's offer to appoint counsel for him. The referee noted that petitioner's demeanor was alert, that under examination his answers were prompt and responsive, and that he had the mental capacity to understand the information repeatedly given him concerning his rights. There is therefore ample evidence to support the conclusion that despite his being only 19 years of age petitioner understood his right to counsel and the consequences of its waiver.

No credible evidence was presented by petitioner to substantiate his claim that the right was not freely waived. At both the preliminary examination and the arraignment, petitioner stated that he was acting of his own free will, without promises of any kind, and these statements are confirmed by the testimony of police officers and the deputy district attorney. Although petitioner now asserts that he had been promised probation if he pleaded guilty, at his arraignment he expressly declined to apply for probation.

Since we have found that petitioner freely and intelligently waived his right to counsel (see *In re Martinez, ante,* p. 808 [345 P.2d 449]), the order to show cause is discharged and the writ is denied.

Gibson, C. J., Schauer, J., Spence, J., McComb, J., and White, J., concurred.

PETERS, J.—I dissent.

This case is not, fundamentally, different from *In re Martinez, ante,* p. 808 [345 P.2d 449], this day decided. I dissent on the same grounds set forth in my dissent to that opinion.

In this case, upon proper request, the municipal court appointed an attorney for the accused. Later, at the preliminary hearing, the accused appeared without his attorney who had not been notified of his appointment. The court and prosecutor knew that an attorney had been requested and

appointed. The accused requested that the appointment be vacated. The court vacated the appointment.

Once an attorney has been properly appointed he cannot be removed from the case except as provided in sections 284 and 285 of the Code of Civil Procedure. The court obviously knew that some action had to be taken because it entered a vacating order. If the attorney had been removed as provided in those sections, then, before a plea of guilty could be accepted, the provisions of section 1018 of the Penal Code had to be complied with. They were not.

As pointed out in my dissent in the Martinez case, the three code sections constitute a proper implementation by the Legislature of the constitutional right to counsel. Thus they are integral parts of the constitutional right. Constitutional rights, certainly such a basic one as the right to counsel, may not be impaired with impunity. This petitioner was denied his constitutional rights, and for that reason the writ of habeas corpus, in my opinion, should issue.

Petitioner's application for a rehearing was denied November 25, 1959. Peters, J., was of the opinion that the application should be granted.