[Crim. No. 3836. First Dist., Div. Two. Apr. 17, 1961.]

THE PEOPLE, Respondent, v. AARON C. GREEN, Appellant.

Robert H. Miller, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Robert R. Granucci, Deputy Attorneys General, for Respondent.

KAUFMAN, P. J.—On February 18, 1960, appellant, Aaron C. Green, and his codefendants, Joe Lewis and Oscar G. Shaw, were charged by indictment with three counts of robbery (Pen. Code, § 211) and two counts of assault with a deadly weapon (Pen. Code, § 245); the codefendant, A. Frazier, was charged with one count of robbery and two counts of assault with a deadly weapon. They were arraigned on February 26, and the matter was continued to March 4, at which time, they entered pleas of not guilty on all counts. The matter was then continued by consent to March 17, then to April 11, and finally to April 18 for trial. On all of these occasions, all the codefendants were represented by the public defender.

On April 18, 1960, all the defendants appeared for trial. Appellant Green on being advised of his right to counsel,

personally waived this right and elected to represent himself. A jury was empaneled. After three days of trial, the jury returned its verdict, finding the appellant guilty of first degree robbery as charged in counts four and five, and acquitting him on the other three counts; Shaw and Lewis were each found guilty of one count of assault with a deadly weapon and two counts of robbery in the first degree; Frazier was found not guilty on all three counts.

On this appeal by the appellant Green from the judgment of conviction and order denying his motion for new trial entered on the verdict, the only question is whether he properly waived counsel. The record indicates that when the trial commenced, the following ensued:

"MR. AUSLEN: If your Honor please, we have entered into a discussion with reference to the advisability of requesting a daily transcript in this case, and it occurred to us that since one of the defendants was representing himself, perhaps it would be wise to have a daily transcript.

"And so, we jointly request a daily transcript, your Honor.

"MR. MCNAMARA: I think so, your Honor.

"THE COURT: All right. That will be the order of the Court, then.

"The Court is just thinking that you have represented Mr. Green, you appeared for Mr. Green at previous hearings, and you were advised just before coming into court that Mr. Green has decided to represent himself. I just want to make it clear that that is a decision of your own choice, Mr. Green, is that correct?

"DEFENDANT GREEN: Yes, your Honor.

"THE COURT: And you understand that the Public Defender is available to you as your counsel, but you have decided, despite that, that you want to represent yourself?

"DEFENDANT GREEN: Yes, your Honor.

"THE COURT: I just want to make that clear.

"MR. GREEN: Yes——

"THE REPORTER: Pardon me, Mr. Green. I cannot hear you.

"THE COURT: You are aware of your rights to have counsel? That is the point.

"DEFENDANT GREEN: Yes, your Honor.

"THE COURT: And you want to, nevertheless, you want to represent yourself?

"DEFENDANT GREEN: Yes.

"THE COURT: Fine. All right."

Appellant contends that the above does not constitute an intelligent waiver of counsel, so that his right to the assistance of counsel, guaranteed by the state and federal Constitutions (Cal. Const., art. I, § 13; U. S. Const., 6th Amend.) has been violated. He argues that, as stated in *People* v. *Chesser,* 29 Cal.2d 815, 821 and 822 [178 P.2d 761, 170 A.L.R. 246]:

"One purpose of the constitutional guaranty is to protect an accused from his own ignorance of his legal and constitutional rights, and the guaranty would be nullified if it were held that a waiver made in ignorance of its consequences would remove the protection of the Constitution. As stated in *Johnson* v. *Zerbst, supra,* the constitutional right of an accused to be represented by counsel of itself invokes the protection of the court when the accused is without counsel, and 'This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. *While the accused may waive the right to Counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record.'* (Italics added.) (304 U.S. at p. 465 [58 S.Ct. 1019, 82 L.Ed. 1461].)''

He further argues that the record, particularly his inept cross-examination of the witness Rose, shows that he lacked both the skill and knowledge to prepare his defense. However, the record shows that appellant conducted his cross-examination in a skillful manner.

Appellant here argues that there could not have been an intelligent waiver as the court did not explain all of the consequences to him, failed to inquire into his education and experience, and failed to make an express finding of an intelligent waiver as required by the Chesser case and *In re James,* 38 Cal.2d 302 [240 P.2d 596]. He further argues that the record and the nature of the charges [five counts and four defendants] indicate that he lacked both the skill and knowledge to prepare his defense, so that it was a clear abuse of discretion to permit him to do so. We cannot agree.

A waiver of counsel has been upheld in circumstances even less compelling that those of this case, such as the entry of a plea of guilty without the advice of counsel (*In re Martinez,* 52 Cal.2d 808 [345 P.2d 449]; *In re Sgro,* 52 Cal.2d 819 [345 P.2d 455]). It has been also held that a defendant may not assert the denial of counsel as a ground for reversal on appeal, when, as in the instant case, he has been represented

by the public defender, and then elects to proceed in propria persona when the case is called for trial. (*People* v. *O'Ward,* 168 Cal.App.2d 127, 131-132 [335 P.2d 762] ; *People* v. *Cortze,* 108 Cal.App. 111, 112 [290 P. 1083].) There is nothing in the record to indicate why appellant chose to terminate his representation by the public defender or that there was any conflict of interest between the appellant and his co-defendants. (*Cf. People* v. *Ingle,* 53 Cal.2d 407, 417 [348 P.2d 577].)

The court in the Chesser case also said at page 822 that: ''The determination of whether there has been an intelligent waiver of counsel involves a consideration of the nature of the charge, the facts and circumstances of the case, and the education, experience, mental competence and conduct of the accused. (See *In re Connor,* 16 Cal.2d 701, 710 [108 P.2d 10] ; *Johnson* v. *Zerbst,* 304 U.S. 458 [58 S.Ct. 1019, 82 L.Ed. 1461] ; see, also, *Williams* v. *Kaiser,* 323 U.S. 471 [65 S.Ct. 363, 89 L.Ed. 398] ; *Tomkins* v. *State of Missouri,* 323 U.S. 485 [65 S.Ct. 370, 89 L.Ed. 407] ; *Powell* v. *Alabama,* 287 U.S. 45 [53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527].)''

Whether a waiver in a particular case meets this standard is largely a matter for the determination of the trial judge, and his decision will not be disturbed on review in the absence of an abuse of discretion (*People* v. *Loignon,* 160 Cal.App.2d 412, 418 [325 P.2d 541]). Here, the appellant several times informed the court in response to questions that he knew he was entitled to representation by the public defender, but wanted to represent himself. There was also some indication that the appellant was aware of the nature of the charges and familiar with legal terminology, as he asked the court to ''O.R.'' him [release him on his own recognizance] and stated that a dismissal would be in order if a certain witness failed to appear at the trial. The trial court also had the opportunity to observe the appellant's demeanor and alertness. (See *County of San Diego* v. *Bank of America,* 135 Cal.App.2d 143, 149 [286 P.2d 880].) The record indicates that the appellant was aware of the consequences of his waiver, as during the entire three days of trial, he did not ask for the assistance of the public defender but on his own, cross-examined witnesses and argued to the jury. At the proceedings after the trial, the appellant sought and received the assistance of the public defender. When the appellant requested termination of the appointment of

the public defender as his counsel, the court was not required to demand, as a prerequisite to his appearing in propria persona, that he demonstrate either the acumen or learning of a skilled lawyer (*People* v. *Linden,* 52 Cal.2d 1, 17 [338 P.2d 397]). ██ Having completely elected to represent himself, the appellant assumed for all purposes connected with his case, and must be prepared to be treated as having, the qualifications and responsibilities concomitant with the role he has undertaken (*People* v. *Harmon,* 54 Cal.2d 9, 15 [4 Cal.Rptr. 161, 351 P.2d 329]; *People* v. *Mattson,* 51 Cal.2d 777, 794 [336 P.2d 937]).

Judgment and order denying motion for new trial affirmed.

Draper, J., and Shoemaker, J., concurred.