507 P.2d 1137

The STATE of Idaho, Plaintiff-Respondent,

v.

John SALAZAR, Defendant-Appellant.

No. 10842.

Supreme Court of Idaho.

March 20, 1973.

Jim Christensen, Boise, for defendant-appellant.

W. Anthony Park, Atty. Gen., Wayne V. Meuleman, Asst. Atty. Gen., Boise, for plaintiff-respondent.

McFADDEN, Justice.

This appeal arises from a judgment based on a jury verdict finding the appellant, John Salazar, guilty of being a persistent violator of the law. On February 18, 1970, the appellant shot and wounded James Michael Atkins in an altercation occuring in Garden City, Idaho. On March 5, 1970, the Ada County prosecuting attorney issued an information charging the appellant "with assault with a deadly weapon with the intent to murder." Part two of the information charged that the appellant, having been convicted of felonies on two prior occasions, was a persistent violator of the law. The appellant was arraigned before the district court on April 28, 1970, where he pled not guilty to both charges. After several delays the appellant's trial on the assault charge commenced on October 15, 1970. On October 16, 1970, the jury returned a verdict of guilty of assault with a deadly weapon. Immediately after the jury rendered its guilty verdict on the assault count, trial commenced on the persistent violator of the law charge. At the close of the trial appellant's counsel moved for a directed verdict of not guilty on the persistent violator charge on the grounds that there was not evidence of three felony convictions. The district court denied the motion. On October 16, 1970, the jury returned a verdict of guilty and found that the appellant was a persistent violator of the law. The district court entered a judgment of conviction on October 29, 1970, sentencing the appellant to serve a term in the state penitentiary not to exceed his natural life for assault with a deadly weapon and for being a persistent violator of the law. On November 9, 1970, the appellant filed his notice of appeal and requested a court appointed attorney.

The first assignment of error challenges the district court's denial of the appellant's motion for a directed verdict of not guilty on the persistent violator charge. The ap-

pellant contends that there is insufficient evidence of three felony convictions for him to be found guilty of being a habitual criminal. I.C. § 19–2514 provides that any person convicted for the third time for the commission of a felony shall be sentenced to the state penitentiary from five years to life.

The evidence concerning the appellant's commission of three felonies may be summarized as follows. First, the district court granted the prosecuting attorney's motion to take judicial notice of the appellant's conviction before that court on October 16, 1970, for assault with a deadly weapon. Next, there is a commitment and judgment of conviction, State's exhibit 1, from New Mexico, dated November 1, 1963, for second degree murder. Over objections from the appellant's counsel the district court admitted State's exhibit 1 in evidence. Finally, there is State's exhibit 2, a judgment and conviction of aggravated assault dated April 14, 1970, from the Fourth Judicial District Court of Idaho. Although the reporter's transcript indicates that an objection to the admission in evidence of exhibit 2 was sustained by the district court, the minutes of the clerk of the district court state that exhibit 2 was admitted in evidence. The appellant contends that State's exhibit 2 was not admitted in evidence and that there is not evidence of three felonies. The appellant does not contest whether exhibit 1 was admitted in evidence or whether the district court took judicial notice of the conviction for assault with a deadly weapon. The sole issue is whether exhibit 2 was admitted in evidence.

The appellant relies extensively on Ebersole v. State, 91 Idaho 630, 428 P.2d 947 (1967), and Martinez v. State, 92 Idaho 148, 438 P.2d 893 (1968). Although both cases are informative, neither case addressed the problem raised in this appeal.

In this case there is a direct conflict between the reporter's transcript and the clerk's minutes over whether an exhibit was admitted in evidence during the trial.

In *Ebersole* and *Martinez* this Court considered situations where the state failed to provide either a reporter, or both a reporter and clerk, during a criminal defendant's arraignment. The adequacy of the appellant's arraignment record is not at issue. The state in this case provided the necessary court reporter and clerk. This case presents a conflict between the reporter's transcript and the clerk's minutes over the admission of one of three exhibits evidencing the commission of a felony. Evidence of three felonies is necessary for the state to convict the appellant of being a habitual criminal. The issue raised is whether the reporter's transcript or the clerk's minutes will be determinative in resolving whether the exhibit was admitted in evidence.

A review of the skills and duties required of the court reporter and clerk of the court illustrates their purpose and function in court proceedings. In order to provide a complete account of the trial the court reporter must "be well skilled in the art of stenography and capable of reporting the oral proceedings in court, verbatim." I.C. § 1–1101. Furthermore, accuracy is required in reporting the oral proceedings. I.C. § 1–1103 provides:

> "The said reporter shall correctly report all oral proceedings had in said court and the testimony taken in all cases tried before said court * * *."

The reporter must file the stenographic records and reports made by him with the clerk of the district court. I.C. § 1–1104.

In contrast to the reporter, the clerk of the court keeps a minute entry of the court proceedings. This Court in Martinez v. State, supra at 92 Idaho 149, 438 P.2d 893, described the clerk's minutes as being "summary in nature" and not containing all of the details which occur during the court proceeding. For example, when a judgment of conviction is rendered, the clerk of the court must enter the judgment on the minutes; and he must file a copy of the minutes of the plea, minutes of the voir dire, minutes of the trial, bills or bills of exception, written charges, and the jury

ROR.

instructions accepted and refused. I.C. § 19–2519. In criminal jury cases the clerk of the court functions as a reporter of the oral proceedings *only* at the court's request in the absence of a court reporter. R12–608. Finally, there is no statutory provision requiring a clerk to possess stenographic skills. In contrast to the clerk of the court, the court reporter performs a special function with a special talent, i. e. stenographically record the oral proceedings of the court.

In *Ebersole* and *Martinez* this Court recognized the duty of the state to provide a complete record to a defendant in a criminal proceeding.

> "But when, as here, lack of transcript is attributable not to facts beyond the control of the state, but is caused by a failure of the state, the accused's constitutional right is effectively denied." Martinez v. State, supra, at 92 Idaho 150, 438 P.2d 895.

Likewise, there is a concomitant duty on the state to ensure that the record accurately reflects the evidence admitted during trial. In this case I.C. § 19–2514 requires proof of the commission of three felonies for conviction as a habitual criminal. As in other criminal cases, the state had the burden of proving those felonies beyond a reasonable doubt. The district court specifically instructed the jury that the "State has the burden of proving each of the alleged prior convictions of the defendant beyond a reasonable doubt * * * but should the evidence fail to prove each and all of the above facts beyond a reasonable doubt then you should find that the defendant is not a persistent violator of the law." In contrast to the clerk's minutes, the reporter's transcript in this case shows that State's exhibit 2 was not admitted in evidence. In fact, the transcript states that the district court sustained an objection to the admission of this exhibit. Although I.C. § 10–509 provides a method for remedying errors or defects in the reporter's transcript, neither party pointed out any errors in this regard.

The respondent contends that there are sufficient facts in the record for this Court to conclude State's exhibit 2 was admitted in evidence in spite of the ambiguity in the reporter's transcript. In support of this contention the respondent cited several California cases which resolve ambiguities between the reporter's transcript and the clerk's minutes by weighing the circumstances of the particular case. People v. Bowie, 200 Cal.App.2d 291, 19 Cal.Rptr. 217 (1962), cert. den. 371 U.S. 893, 83 S. Ct. 192, 9 L.Ed.2d 126 (1962). See also, People v. Hymes, 161 Cal.App.2d 668, 327 P.2d 219 (1968). The respondent also cited State v. Rockerfeller, 9 Ariz.App. 265, 451 P.2d 623 (1969), which is analogous factually to the instant case. The Arizona court of appeals recited the California rule but determined that clerks of the court record what the court orders and adjudges. Consequently, the court in *Rockerfeller* held that the minute entry recital about a prior conviction spoke the truth notwithstanding the silence of the court reporter's transcript.

In addition to citing precedent to support its contention, the respondent argues that there are facts indicating that the exhibit was admitted in evidence. First, the clerk's minutes state that exhibit 2 was admitted. Next, the respondent submits that the exhibit was stamped "Admitted in Evidence, Oct. 16, 1970." However, the stamped notation is not necessarily conclusive evidence that the exhibit was admitted. Indeed, the clerk of the court is the same person who stamps the exhibits and records their entry in evidence in the minutes. Consequently, the stamped notation may be an accurate statement or simply may be further evidence of the clerk's original error.

Because there is a patent ambiguity between the reporter's transcript and the clerk's minutes, we cannot accept the respondent's contention that State's exhibit 2 was admitted in evidence. First, a properly certified transcript by the court reporter

is prima facie evidence of the court proceedings on appeal.

> "Said copy, or copies, shall, when properly certified by said reporter, constitute prima facie the minutes of the court, and may be used on all motions for new trials, review or appeal * * *." I.C. § 1–1105.

Because of the uncertainty whether State's exhibit 2 was admitted in evidence, we cannot accept this transcript as prima facie evidence of the court proceedings in this case. Second, as previously noted the court reporter is bound to correctly report, verbatim, all court proceedings. I.C. §§ 1–1101, 1–1103. A verbatim report of the court proceedings necessarily includes whether an exhibit was offered for evidence, whether there were any objections, whether there were rulings by the court, and finally, whether the exhibit was in fact admitted in evidence.

However, considerable doubt arises in this case whether the court reporter correctly recorded the oral proceedings concerning the admission of State's exhibit 2.

■ Therefore, it is necessary that this cause be remanded to the trial court to settle the patent error in this record. See, I. C. § 10–509. Upon remand the trial court shall resolve the issue presented by this record. Upon making such determination, if that court should determine that State's exhibit 2 was not admitted into evidence, the trial court shall grant a new trial only on the charge against appellant of being a persistent violator of the law, and thereafter shall sentence him. However, if the issue is resolved to the effect that the exhibit was admitted, the trial court shall again sentence the appellant as the court shall then see fit.

Although the appellant assigned as error the alleged lack of legal counsel for a considerable period of time after making a request for an attorney, further proceedings are to be conducted in the trial court and appellant is now represented by counsel, and any error in that regard has been corrected.

That portion of the judgment finding the appellant guilty of assault with the intent to commit murder is affirmed, but that portion of the judgment finding the appellant to be a persistent violator and sentencing appellant as a persistent violator is reversed and remanded to the trial court for further proceedings in accordance with the views expressed herein.

DONALDSON, C. J., and SHEPARD, McQUADE and BAKES, JJ., concur.