141 F.3d 1173
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Douglas Ray ARLEDGE, Petitioner-Appellant,
v.
STATE OF IDAHO; Arvon J. Arave, Warden; Idaho Maximum
Security Institution, Respondents-Appellees.
 No. 97-35166.
D.C. No. CV-95-00202-EJL.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1998**.
Decided March 13, 1998.
 
 Appeal from the United States District Court for the District of Idaho, Edward J. Lodge, Chief Judge, Presiding.
 MEMORANDUM*
 Before Fletcher, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 Douglas Ray Arledge, an Idaho state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition challenging his conviction for aggravated assault, kidnapping, battery and use of a firearm during the commission of a crime. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 
 2
 Arledge contends that he is being improperly detained because the charges for which he is imprisoned were dismissed in 1989 according to a trial court minute order. This contention lacks merit.
 
 
 3
 The district court's decision to grant or deny a section 2254 petition is reviewed de novo. See Moran v. McDaniel, 80 F.3d 1261, 1268 (1996). Findings of fact made by the district court relevant to its decision are reviewed for clear error. See id. Findings of fact made by the state court are entitled to a presumption of correctness. See 28 U.S.C. § 2254(d) (1988). Idaho Code § 1-1105 states that a certified copy of the Reporter's transcript "constitute[s] prima facie the minutes of the court." Cf. State v. Salazar, 95 Idaho 305, 507 P.2d 1137, 1139-40 (Idaho 1973) (explaining that a properly certified transcript by the court reporter is prima facie evidence of the court proceeding).
 
 
 4
 The certified reporter's transcripts indicate that a hearing on the petitioner's case was held at 9:00 a.m. on August 17, 1989, relating to the notice of alibi and continuing the trial to a later date to allow for preparation. However the court minutes of August 17, 1989, at 12:20, indicate that the "court grants dismissal with prejudice, pending later filing." The trial court found the minutes were incorrect. See 28 U.S.C. § 2254(d) (trial court findings are presumed correct). Further, Arledge has not rebutted the presumption by producing evidence to support his conclusion that the transcript was incorrect, or that there were two separate hearings on August 17, and that at the second hearing his charges were dismissed. See Idaho Code § 1- 1105; see also Salazar, 507 P.2d at 1139-40. Additionally, the district court requested the court reporter's affidavit, and the district court's interpretation that there was no second hearing was not clearly erroneous. See Moran, 80 F.3d at 1268. The district court correctly denied the section 2254 petition. See id.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, Arledge's request for oral argument is denied. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3