[Civ. No. 25986. Second Dist., Div. Two. Aug. 6, 1962.]

SOUTHWEST PAVING COMPANY, Plaintiff and Appellant, v. STONE HILLS et al., Defendants and Respondents.

Atus P. Reuther and Norman Soibelman for Plaintiff and Appellant.

David S. Smith and Richards, Watson, Smith & Hemmerling for Defendants and Respondents.

FOX, P. J.—This is an appeal by the plaintiff from a judgment of dismissal following an order sustaining a demurrer to plaintiff's third amended complaint without leave to amend.

On September 16, 1960, plaintiff filed and recorded in the office of the County Recorder of Los Angeles County, a claim of mechanic's lien in the sum of $12,582.66 against certain real property reputedly owned by various persons, including the respondents. This claim was based upon work allegedly performed between October 1, 1959, and November 2, 1959. In addition to the usual allegations of a complaint to foreclose a mechanic's lien, certain allegations material to the issues herein involved are contained in the third amended complaint. As summarized these allegations show: (1) the existence of a general contract between the respondents (the owners of the land) and the general contractor, Elfred Construction Co., Inc., and the nature of the work to be performed by said general contractor; (2) that the work to be performed by the general contractor is a public work of the character referred to in section 1184.1, Code of Civil Procedure, and is subject to acceptance by the City of Los Angeles, a Municipal Corporation, through its city engineer; (3) that pursuant to Ordinance No. 77000, Los Angeles Municipal Code section 62.111 thereof,[1] the respondents obtained a permit from the City of Los Angeles, and filed a bond guaranteeing compliance with Ordinance No. 79310[2] of the City of Los Angeles, and

---

[1]Section 62.111(e) of the Municipal Code of the City of Los Angeles provides, as set out in the complaint, as follows:

"The terms of each bond filed or posted pursuant to this Section, shall begin upon the date of the filing or posting thereof, and shall end upon the date of the completion, to the satisfaction of the City Engineer, of all the improvements covered by the permit. The fact of such completion shall be evidenced by a statement thereof signed by the City Engineer. . . ."

[2]Ordinance No. 79,310, section 2, contains, as set out in the complaint, the following:

"For the purpose of this Ordinance the following conditions and phrases are defined as follows:

" 'Approved' shall mean: 'Approved by the City Engineer of the City of Los Angeles' unless otherwise specified."

Section 7(4) of said Ordinance No. 79,310 contains, among other things, the following, to wit:

". . . the term of . . . a surety bond filed pursuant to the provisions

section 62.111(e) of the Municipal Code of the City of Los Angeles, and that the work of improvement shall be deemed completed on the date of acceptance by the city engineer of the City of Los Angeles; (4) that the plaintiff, Southwest Paving Co., a subcontractor, performed its part of said work of improvement; (5) that said entire work of improvement is not completed, and has not been accepted by the City of Los Angeles through its city engineer, and that said work of improvement is still not completed within the meaning of section 1193.1, subdivision (e), Code of Civil Procedure; (6) that no notice of completion of said work of improvement has been filed because there has been no acceptance by the City of Los Angeles through its city engineer; and (7) on September 16, 1960, the plaintiff filed and recorded its notice of claim of mechanic's lien.

Certain of the defendants (respondents herein) demurred to the third amended complaint on the grounds that it fails to state facts sufficient to state a cause of action. The demurrer states: "The Third Amended Complaint alleges, in Exhibit 'A,' that the work performed and materials furnished occurred on or about September 28, 1959. That same document shows that the claim of mechanic's lien was not recorded until approximately one year later, namely, on September 16, 1960. The time within which a claim of mechanic's lien could have been recorded had long passed prior to the recordation thereof. Paragraph XXV alleges that the work of improvement occurred between October 1, 1959, and November 2, 1959. Both Exhibit 'A' and Paragraph XXX show that the claim of mechanic's lien was not filed and recorded until September 16, 1960, a period of time far in excess of the 150-day maximum permitted by the statutes relating to lien claims."

The sole issue on this appeal is: when a subcontractor has performed work of improvement of the character referred to in section 1184.1, Code of Civil Procedure, which work is subject to acceptance by the City of Los Angeles, is the subcontractor's time to file a lien limited to 150 days either from

of this Ordinance shall begin on the date of the deposit or filing of the surety bond, and shall end upon the date of the completion to the satisfaction of the City Enginer of all the improvements required to be done by the Owner. . . . Whenever the City elects to have the work done because the owner has failed, neglected or refused to do the work, the amount of the default in excess of the cost of the work, shall be refunded to the owner after the work has been accepted by the City Engineer."

the time when the subcontractor completed his work (Code Civ. Proc., § 1193.1, subd. (c)) or from a cessation of labor (Code Civ. Proc., § 1193.1, subd. (g)) or does the time when he may file his claim of lien commence from the date of acceptance by the City (Code Civ. Proc., § 1193.1, subd. (e)) and extend for the statutory period thereafter?

The solution of this problem requires an interpretation of section 1193.1 of the Code of Civil Procedure, the relevant parts of which read:

"(a) . . . [E]very person, other than an original contractor, claiming the benefit of this chapter, after he has ceased to perform labor or furnish material, or both, for any work of improvement and before the expiration of the periods of time as provided in this section, may file . . . a claim of lien. . . .

"(c) The owner shall within 10 days after the completion of the work of improvement file for record a notice of completion as provided in subdivision (f) of this section. . . . If such notice be not so filed, then, except as to any persons who were required to file for record claims of lien as provided in subdivision (b) of this section, all persons claiming the benefit of this chapter shall have 90 days after the completion of such work of improvement within which to file their claims of lien.

"(d) In all cases, except as provided in subdivision (e) of this section, any of the following shall be deemed equivalent to a completion: (1) the occupation or use of a work of improvement by the owner, or his agent, accompanied by cessation from labor thereon; (2) the acceptance by the owner, or his agent, of the work of improvement; or (3) after the commencement of a work of improvement, a cessation of labor thereon for a continuous period of 60 days, or a cessation of labor thereon for a continuous period of 30 days or more if the owner files for a record a notice of cessation as provided for in subdivision (h) of this section, except that the time for and manner of filing claims of lien where there has been such a cessation of labor shall be as provided in subdivisions (g) and (h) of this section.

"(e) If a work of improvement is of the character referred to in Section 1184.1 of this code and is subject to acceptance by any public or governmental authority, the completion of such work of improvement shall be deemed to be the date of such acceptance. . . .

"(g) If, after the commencement of a work of improvement, there shall be a cessation of labor thereon for a continuous period of 60 days, then all persons claiming the benefit of this

chapter shall within 90 days from the expiration of such 60-day period file for record their claims of lien; . . .''

Subdivision (c) sets forth the basic time limit in which a claim of lien may be filed. '' [A]ll persons claiming the benefit of this chapter shall have 90 days after the completion of such work of improvement within which to file their claims of lien.'' Our inquiry therefore becomes: what is ''completion'' in the circumstances of the instant case? Subdivision (e) defines completion in those situations where two requirements are met. First, the work of improvement must be ''of the character referred to in Section 1184.1 of this code.'' Paragraph XXII of the complaint satisfies this requirement. As pointed out, *supra*, the complaint also alleges the exact type of work which was done. This work is of the type referred to in section 1184.1. Second, the work must be ''subject to acceptance by any public or governmental authority.'' The complaint contains sufficient allegations to show that ''at all times herein mentioned said work was and still is subject to acceptance by a public or governmental authority, to wit: the City of Los Angeles, State of California, a municipal corporation, by and though its city engineer.'' Since these two requirements are met, subdivision (e) is here applicable. It defines completion as ''the date of such acceptance.''

The complaint further alleges that ''said work has not been accepted by the city engineer of the City of Los Angeles.'' Therefore, under subdivision (e) it follows there has never been a ''completion'' and consequently the time in which a claim of lien can be filed has not expired. (*Richards* v. *Hillside Development Co.*, 177 Cal.App.2d 776, 782 [2 Cal. Rptr. 693].) This conclusion is supported by the Municipal Code sections and ordinances set out *supra* which manifest that the work of improvement was subject to approval and define approval as ''approved by the city engineer of the City of Los Angeles.'' Under these circumstances, there can be no constructive approval and therefore no constructive completion.

The respondents concede the application of subdivision (e) to the facts at bar but contend that subdivision (e) provides an alternative rather than an exclusive time limit. Respondents, relying on subdivision (e), claim that where there is a cessation of labor on a work of improvement, there are only 150 days from such cessation within which to file a claim of mechanic's lien. Respondents further contend that there is no

exception provided for in said subdivision for a work of public improvement.

 Subdivision (g) does not apply to the facts in the instant case for several reasons. First, it appears from the complaint (Paragraph XXV) and Exhibit A attached thereto that plaintiff has actually *completed* its part of the work of improvement. Actual completion of a contract is not regarded as the "cessation of labor" which is referred to in subdivisions (d) and (g). (*Mott* v. *Wright*, 43 Cal.App. 21, 26 [184 P. 517].) Second, it further appears that subdivision (g) merely sets forth "the time for and manner of filing claims of liens where there has been such a cessation of labor" as cessation of labor is defined in subdivision (d). It is obvious, therefore, that subdivision (g) must be read in the light of subdivision (d) and is dependent upon it. Subdivision (d) cannot apply in the instant situation for several reasons. First, that subdivision expressly excludes cases which fall under subdivision (e) which is the case at bar (see *supra*). Second, there can be no "equivalent of completion" where there is actual completion. Under these circumstances, subdivision (g) can have no application to the problem at hand.

 Respondents take the position that repeal of Code of Civil Procedure section 1191 substantially changed the law in this aspect. However, in tracing the history of the statutes involved, the Supreme Court stated in *Clements* v. *T. R. Bechtel Co.*, 43 Cal.2d 227 [273 P.2d 5], at 230-231: "Until 1913, section 1191 provided that 'Any person who, at the request of the owner of any lot in any incorporated city or town, grades, fills in or otherwise improves the same, or the street or sidewalk in front of or adjoining the same, or constructs any area, vault, cellar, or room, under said sidewalk, or makes any improvements in connection therewith, has a lien upon such for his work done and materials furnished, notice of which containing the statement provided for in section 1187 must be filed, as therein specified, within thirty days after the completion of such work.' (Stats. 1901, p. 190.)

"In 1913, this section was amended as follows: 'Any person who, at the request of the owner of any lot *or tract of land* ~~in any incorporated city or town,~~ grades, fills in, or otherwise improves the same, or the street, highway, or sidewalk in front of or adjoining the same, . . . has a lien upon ~~such~~ *said* lot or tract of land for his work done and materials furnished; *provided, that in cases where the improvements made or work done is subject to acceptance by any municipal board or officer,*

*the time for filing claims of lien shall not commence to run until after such acceptance shall have been made.'* (Stats. 1913, p. 333, c. 189.) . . .

"In 1951, sections 1187 and 1191 of the Code of Civil Procedure were repealed by the Legislature and section 1193.1 reenacted section 1191. In the same year, section 1193.1 was repealed and reenacted as 1193.1(3) [1193.1, subd. (e)] which provides that if such work is subject to acceptance by *any public or governmental authority,* the completion of the work shall be deemed to be the date of such acceptance."

The court then pointed out that the Legislature did intend a change by the earlier amendments but "the section was amended to enlarge its coverage . . ." *re* the class of work which would be governed by the extended time limit. The court accepted the proposition that (p. 233) "the second 1951 amendment to the section (now § 1193.1, subd. (e)), 'If a work of improvement is of the character referred to in Section 1184.1 of this code and is subject to acceptance by any public or governmental authority, the completion of such work of improvement shall be deemed to be the date of such acceptance,' is but a confirmation of the long standing legislative intention, dating from 1913, to include all claims of lien for road work within the scope of the provision extending the time for filing claims on work subject to acceptance by public authority, whether within or outside of the limits of incorporated towns and cities." (Emphasis deleted.)

The Legislature itself stated that no change was intended by the 1951 repeal of section 1191 and its reenactment into sections 1184.1 and 1193.1, subdivision (e) : "Sec. 5. It is the intent of the Legislature to accomplish by this act only a formal revision of the law relating to mechanics' liens. Nothing in this act contained shall be construed as an alteration in the public policy or legislative intent regarding such law, nor in the meaning or substance thereof." (Stats. 1951, ch. 1159, pp. 2941, 2958, § 5.)

In view of the above legislative history as delineated by the Supreme Court and the above declaration of the legislative intent, it is apparent that *McGaw* v. *Master Craft Homes,* 105 Cal.App.2d 304 [233 P.2d 185], represents the law and has been unchanged by the 1951 statutory revision. In that case the court held that in an action to foreclose a mechanic's lien for street work in defendant's subdivision under private contract where such work was subject to approval and acceptance by a city council, there was no merit in defendant's contention

that the claim of lien was filed too late when, in fact, it was filed within the statutory period after acceptance by the council.

Respondents' argument that this interpretation of the statutes involved would lead to the result that there would be no effective time limit for filing claims of lien in these cases is also without merit. The public authority can provide for a time limit for completion of the work and also can provide for a bond which would insure completion within a given time. Both were done here; hence here we have an adequate time limit. In all such cases there would be a cloud on the land until the actual completion was approved by the proper governmental authority. Therefore there is no merit in respondents' argument that such holding would result in an undue cloud upon the land.

At oral argument respondents' counsel contended that if this interpretation were accepted by the court, a necessary result thereof would be that the filing of the claim of lien was premature. Again this contention is not meritorious. Code of Civil Procedure section 1193.1, subdivision (a) provides that "every person, other than an original contractor, claiming the benefit of this chapter, *after he has ceased to perform labor* or furnish material, or both, for any work of improvement *and before the expiration of the periods of time* as provided in this section, may file . . . a claim of lien. . . ." (Emphasis added.) Therefore, in this case the lien was not premature since it was alleged to have been filed after plaintiff had ceased to perform its labor. Since we previously decided that the time limit to file a claim of lien when dealing with work of a character referred to in section 1184.1, which is subject to acceptance by public or governmental authority, commences on the date of acceptance by that authority (§ 1193.1, subd. (e)) and extends for the statutory time thenceforth (§ 1193.1, subd. (c)), a claim of lien filed by a subcontractor after its work has been completed but before acceptance of the entire improvement by the public authority is timely. Considering all allegations as true for the purpose of this demurrer, it necessarily follows that the complaint states a cause of action and that the sustaining of the demurrer was error.

Plaintiff also attempts to appeal from the order sustaining the demurrer without leave to amend. This is not an appealable order. (*Lavine* v. *Jessup*, 48 Cal.2d 611, 614 [311 P.2d 8]; *Tellefsen* v. *Key System Transit Lines*, 187 Cal.App. 2d 44 [9 Cal.Rptr. 299].)

The judgment is reversed. The purported appeal from the order is dismissed.

Ashburn, J., and Herndon, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied October 2, 1962.