[No. A036692. First Dist., Div. Two. Jan. 29, 1988.]

KRUEGER BROTHERS BUILDERS, INC., Plaintiff and Respondent, v.
SAN FRANCISCO HOUSING AUTHORITY, Defendant and Appellant.

**COUNSEL**

Ramon Yuen-Garcia for Defendant and Appellant.

Thierman, Simpson & Cook, Thurman, Cook, Brown & Mason Mark R. Thierman, Robert Fried and Matthew L. Aronica for Plaintiff and Respondent.

**OPINION**

**BENSON, J.**—This is an appeal from an order granting summary judgment in favor of plaintiff and respondent Krueger Brothers Builders, Inc. and against San Francisco Housing Authority (SFHA) on the grounds that a stop notice filed and served by the California Department of Industrial Relations, Division of Labor Standards Enforcement (DLSE) was untimely. The issue presented is whether a verified claim and stop notice filed by DLSE is governed by the statute of limitations contained in the Civil Code provisions concerning stop notices or the Labor Code sections dealing with penalties for failure to pay workers the prevailing wage on public work projects. We reverse the ruling of the trial court.

Preliminarily, we note that the order appealed from is not a judgment but rather an order granting summary judgment which is not appealable. (Code

Civ. Proc., § 904.1.) DLSE asks us to treat the order as a judgment in the interest of judicial economy and to avoid delay; Krueger does not object to this procedure. We will construe the order to include a judgment in favor of Krueger and interpret the notice of appeal to be from that judgment. (*Avila v. Standard Oil Co.* (1985) 167 Cal.App.3d 441, 445 [213 Cal.Rptr. 314].)

On June 20, 1985, Krueger signed a public works contract with SFHA to perform fire repair work at 70 West Point Road in San Francisco. This contract provided that the project was subject to the prevailing wage requirement since it was public work of improvement. Also on June 20, 1985, SFHA issued a notice to commence work. On November 25, 1985, DLSE filed a verified claim and stop notice which stated it was filed under Civil Code sections 3103,[1] 3181 through 3187, and Labor Code section 1727. The notice was filed with SFHA and requested it to withhold the sum of $10,542.12 in wages plus the sum of $10,925 in penalties under Labor Code sections 1775 and 1776. Labor Code section 1775 requires a contractor to pay the stipulated prevailing rates to each workman employed on a public work and, in addition, provides for a penalty to be paid to the state of $25 for each day for each workman not paid the prevailing wage. Labor Code section 1776 requires each contractor to keep accurate records showing the per diem pay to each workman employed on a public work and to make these records available for inspection by the body awarding the contract and the DLSE.

After the verified claim and stop notice was filed, Krueger and DLSE settled the wage claim. Krueger agreed to pay each workman a "bonus" for work performed on the project so that the rate of pay to these workmen equaled the prevailing wage rate. Funds representing the wage claims were then released to Krueger. The sum of $10,098.97, however, covering a substantial portion of the penalties assessed by DLSE, was retained by SFHA from the final payment.

No notice of completion or cessation was recorded on the work of improvement. The parties agree that actual work ceased on the project on August 26, 1985. On September 4, 1985, Krueger signed a notice of acceptance of the project which it filed with SFHA on September 10, 1985. SFHA signed this notice accepting the work on November 26, 1985.

On February 19, 1986, Krueger filed an affidavit under Civil Code section 3198 for the release of the funds; a counteraffidavit under Civil Code section

---

[1] Civil Code section 3103 provides: " 'Stop notice' means a written notice, signed and verified by the claimant or his agent, stating in general terms all of the following: [¶] (a) The kind of labor, services, equipment, or materials furnished or agreed to be furnished by such claimant. [¶] (b) The name of the person to or for whom the same was done or furnished."

3200 was filed by the Deputy Labor Commissioner for DLSE on March 19, 1986. Krueger filed this action for release of funds and for declaratory relief on February 24, 1986 under Civil Code sections 3196-3205 and Labor Code sections 1731-1733. SFHA was served with the complaint on March 6, 1986. SFHA tendered its defense to DLSE as allowed by Labor Code section 1733.

Krueger filed a motion for summary judgment on the ground that the verified claim and stop notice filed by DLSE was not timely filed under Civil Code section 3184. The court granted the motion and ordered DLSE to release the funds held. The parties inform us the funds have been released to Krueger.

On appeal, DLSE contends: (1) Civil Code section 3184 is not applicable to this action; (2) the funds were properly withheld under the provisions of Labor Code section 1727; and (3) DLSE is not estopped from recovering the penalties.

*Civil Code Section 3184*

The law concerning stop notices for public works is contained in title 15, chapter 4 of the Civil Code. (Civ. Code, §§ 3179-3214.) Section 3181 limits the right to file a stop notice to entities that have supplied material or labor to a project, other than an original contractor, and to persons named in sections 3110, 3111 or 3112 (persons entitled to file a mechanics' lien). Section 3183 requires a claimant to have filed a stop notice "as defined in Section 3103 and in accordance with Section 3184." Section 3184 provides: "To be effective, any stop notice pursuant to this chapter must be served before the expiration of: [¶] (a) Thirty days after the recording of a notice of completion (sometimes referred to in public works as a notice of acceptance) or notice of cessation, if such notice is recorded. [¶] (b) If no notice of completion or notice of cessation is recorded, 90 days after completion or cessation."

 Krueger argues that since it was undisputed that Krueger had ceased work on the project on August 26, 1985, the stop notice signed by the deputy labor commissioner 91 days after cessation of work and served on SFHA 94 days after cessation of work was not timely under Civil Code section 3184 and was thus void and ineffective. Krueger asserts that since the printed form used by the DLSE was entitled "Verified Claim and Stop Notice" and provides that the notice is given under "Sections 3103 and Sections 3181 through 3187 of the Civil Code, and Section 1727 of the

Labor Code" DLSE cannot now claim to be exempt from the provisions of Civil Code section 3184.

DLSE contends the verified claim and stop notice referred to the Civil Code sections only with reference to the wages claimed on behalf of the employees but that the penalties were sought under the authority set forth in the Labor Code. DLSE asserts its authority to require SFHA to withhold funds for penalties due the State is contained in Labor Code section 1727 which provides: "Before making payments to the contractor of money due under a contract for public work, the awarding body shall withhold and retain therefrom all amounts which have been forfeited pursuant to any stipulation in a contract for public work, and the terms of this chapter. But no sum shall be withheld, retained or forfeited, except from the final payment, without a full investigation by either the Division of Labor Law Enforcement [now DLSE] or by the awarding body."

DLSE points to the fact that the wage claim was settled and the funds for wages were released before Krueger filed this action. It claims that the only sections relevant to the action are the Labor Code sections. DLSE correctly claims it could not seek penalties under the Civil Code since it is not a "person" named in Civil Code section 3181[2] citing *Priest* v. *Housing Authority* (1969) 275 Cal.App.2d 751, 754 [80 Cal.Rptr. 145]. In *Priest*, the court held that the Housing Authority of the City of Oxnard was not a person entitled to file a stop notice under Code of Civil Procedure sections 1181 or 1184.1, the predecessor sections to Civil Code sections 3110 and 3112, cited in section 3181.

We agree with DLSE's further contention that assuming, arguendo, that Civil Code section 3184 were applicable to this action, the stop notice filed by DLSE would be filed within the time prescribed. DLSE asserts the date of SFHA's acceptance of the work constitutes the date of completion of the project and DLSE filed its notice within 90 days of this acceptance as required by section 3184. DLSE relies on Civil Code section 3086 which provides in pertinent part: "If the work of improvement is subject to acceptance by any public entity, the completion of such work of improvement shall be deemed to be the date of such acceptance; provided, however, that

---

[2] Civil Code section 3181 formerly provided: "Except for an original contractor, any person mentioned in Section 3110, 3111, or 3112, or furnishing provisions, provender, or other supplies, may serve a stop notice upon the public entity responsible for such public work in accordance with the provisions of this chapter."

. . . a cessation of labor on any public work for a continuous period of 30 days shall be a completion thereof."

Krueger argues that it ceased work on the project on August 26, 1985, which date constitutes completion of the project thus making the stop notice dated November 25, 1985, untimely. The "cessation of labor" on August 26, 1985, referred to by Krueger is, however, the date Krueger completed work on the contract. ■ Completion of work on the contract is not the "cessation of labor" referred to in section 3086 which would trigger the commencement of the 90-day period to file a stop notice. (*Fidelity Sound Systems, Inc.* v. *American Bonding Co.* (1978) 85 Cal.App.3d Supp. 13, 19 [149 Cal.Rptr. 674]; *Southwest Paving Co.* v. *Stone Hills* (1962) 206 Cal.App.2d 548, 554 [24 Cal.Rptr. 48] [referring to predecessor § 1193.1 of Code Civ. Proc.]; *Mott* v. *Wright* (1919) 43 Cal.App. 21, 27 [184 P. 517] [referring to predecessor § 1187 of Code Civ. Proc.].)

■ We note that if Krueger were correct that the August 26, 1985, date controlled, this action filed February 24, 1986, would be barred by the statute of limitations contained in Labor Code sections 1732 and 1733 which provide that a contractor's action to recover penalties must be brought within 90 days after completion of the project. (*Madonna* v. *State of California* (1957) 151 Cal.App.2d 836, 839 [312 P.2d 257].)

We need not discuss Krueger's argument that the filing of the stop notice without complying with the provisions of Civil Code section 3184 constitutes a due process violation since we have determined the Labor Code rather than the Civil Code sections are applicable to this action and that, even if section 3184 were to apply to the action, DLSE has complied with the provision of that section.

*Labor Code Section 1727*

■ DLSE asserts that its Verified Claim and Stop Notice served on SFHA prior to the final payment to Krueger was proper and timely under Labor Code sections 1731-1733. Labor Code section 1732 provides that the action of the contractor filed under the Labor Code sections 1731-1733 is "the exclusive remedy" of the contractor for recovery of such penalties or forfeitures. In *Purdy & Fitzpatrick* v. *State of California* (1969) 71 Cal.2d 566, 586 [79 Cal.Rptr. 77, 456 P.2d 645, 38 A.L.R.3d 1194] , the court held that a contractor's exclusive remedy to recover penalties is an action against

the awarding body under Labor Code sections 1731-1733. We understand section 1732 to mean that the provisions of the Labor Code and not the Civil Code apply to this action.

Labor Code section 1727 provides: "Before making payments to the contractor of money due under a contract for public work, the awarding body shall withhold and retain therefrom all amounts which have been forfeited pursuant to any stipulation in a contract for public work, and the terms of this chapter. But no sum shall be withheld, retained or forfeited, except from the final payment, without a full investigation by either the Division of Labor Law Enforcement [now DLSE] or by the awarding body." Implicit in this section would be the requirement that DLSE could not give notice to the awarding body (SFHA) unless it or SFHA had completed an investigation of wages paid by Krueger, and that DLSE's notice to SFHA must be given before SFHA has made the final contract payment to Krueger. Both of these conditions were met. We hold that Labor Code sections 1727 and 1731-1733 govern this action and that DLSE has complied with the requirements of section 1727.

*Estoppel*

Krueger argued to the trial court and argues on appeal that DLSE is estopped to collect penalties from it since SFHA admits it did not comply with the bid requirements set forth in Labor Code section 1733.2. This assertion is disputed by SFHA in declarations filed in opposition to the motion. ■ Properly disputed facts cannot form the basis for granting of a motion for summary judgment. (*Fanelli, Antuzzi, Bonacorsi Painting, Inc.* v. *Santa Clara Unified School Dist.* (1983) 141 Cal.App.3d 686, 688-689 [190 Cal.Rptr. 515].)

The court's order granting summary judgment also required SFHA to release the withheld funds to Krueger within five days of the date of the order. DLSE sought a stay of this provision of the order by ex parte application on the grounds DLSE had appealed the order granting summary judgment and Labor Code section 1731 specifically provides that funds withheld by the awarding body shall be retained by it pending a final judgment in the action. The trial court erroneously denied this application. The funds should not have been released to Krueger while this appeal is pending. (*Purdy & Fitzpatrick* v. *State of California, supra,* 71 Cal.2d 566, 587, fn. 48.) DLSE filed a second notice of appeal from this denial.

The orders of the trial court granting summary judgment in favor of Krueger and denying the application for stay of enforcement and the judgment we have implied in the first order are reversed. The matter is remanded to the trial court for further proceedings.

Kline, P. J., and Smith, J., concurred.

Respondent's petition for review by the Supreme Court was denied April 20, 1988.