[No. B056317. Second Dist., Div. One. Mar. 26, 1992.]

J. H. THOMPSON CORPORATION, Plaintiff and Appellant, v. DC CONTRACTORS et al., Defendants and Respondents.

## COUNSEL

Irsfeld, Irsfeld & Younger, James J. Waldorf and Kathryn E. Van Houten for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Robert L. Mukai, Chief Assistant Attorney General, Henry G. Ullerich, Acting Assistant Attorney General, Booth, Mitchel & Strange, George C. Mitchel and Michael D. Germain for Defendants and Respondents.

## OPINION

VOGEL, J.—The issue presented by this case is whether a public entity's failure to give the notice required by section 3185 of the Civil Code[1] concerning the deadline for filing an action to enforce a stop notice affects the entity's right to rely on the statute of limitations otherwise applicable to stop notice actions. We hold that it does.

### FACTS

The California Department of Water Resources awarded a general contract for construction work to DC Contractors. DC hired Moss Construction as a subcontractor and Moss obtained its equipment from J. H. Thompson Corporation. On May 31, 1985, Moss filed a petition in bankruptcy. On June 7, the Department recorded a notice of completion. On June 18, Thompson sent a stop notice to the Department, claiming it was owed $57,791.58 plus interest by Moss. (§§ 3103, 3184.) On the same day, Thompson served on the Department a request for notice of expiration of the stop notice period (so it would know when it had to file a lawsuit) and paid the $2 statutory notice fee. (§ 3185.) On June 20, the Department acknowledged receipt of Thompson's stop notice and thereafter withheld $72,239.48 from the amounts due to DC.

The Department did not provide the requested notice of expiration of the stop notice period and, on October 5, the stop notice period expired. On December 2, the Department released to DC the money withheld in response

---

[1] Unless otherwise stated, all section references are to the Civil Code.

to Thompson's stop notice. On January 15, 1986, Thompson filed this action to enforce its stop notice. In a court trial, the Department and DC asserted the bar of limitations and the Department claimed that Thompson's failure to comply with the claims filing statute precluded affirmative relief against it. The trial court accepted the limitations defense and entered judgment for the Department and DC. Thompson appeals.

### Discussion

Thompson contends the Department's failure to give the requested notice of expiration of the stop notice period may preclude reliance by the Department and DC on the defense of limitations. We agree.

The stop notice remedy is designed to reach unpaid construction funds in the hands of the project's owner and is available to subcontractors on both private and public works. (§§ 3103, 3098, subd. (a), 3183, subd. (a); Cal. Mechanics' Liens and Other Remedies (Cont.Ed.Bar 1988) Claimant's Rights and Remedies, § 1.71, p. 39.) When everyone does what is supposed to be done, the public entity reacts to a stop notice by withholding funds otherwise payable to the prime contractor and uses those funds to pay the claimant when a judgment is obtained against the prime contractor and the entity. (§ 3186.)

Stop notices sometimes result in prompt payment without litigation. If the claimant is not paid (Thompson was not), it must commence an action against the public entity and prime contractor within a 120-day period ending 90 days after expiration of the period within which stop notices must be served as provided in section 3184. (§ 3210.) In the case before us, stop notices could be served up to July 7 (30 days after the Department recorded notice of completion). (§ 3184.) Accordingly, Thompson had 90 days thereafter—to October 5—to file suit against the Department and DC. (§ 3210.)

To avoid the possibility of a late filed action, a subcontractor may submit a request to a public entity for notice of expiration of the stop notice period. To this end, section 3185 provides, as pertinent, that "[n]o later than 10 days after . . . the acceptance of completion, . . . the public entity shall give notice of the expiration of such period to each stop notice claimant by personal service, or registered or certified mail. . . . No such notice need be given unless the claimant shall have paid to the public entity the sum of . . . $2 at the time of filing his stop notice." At the time it served its stop notice, Thompson also served on the Department a request for notice under section 3185 and Thompson paid the required fee. The Department did not give notice to Thompson and Thompson did not file its action until January 15,

1986, over three months after expiration of the period of limitations fixed by section 3210.

■ Thompson contends that, on these facts, the Department may be estopped from asserting limitations as a bar. Relying on *A. J. Setting Co.* v. *Trustees of Cal. State University & Colleges* (1981) 119 Cal.App.3d 374 [174 Cal.Rptr. 43], the Department and DC assert that the doctrine of estoppel does not apply to stop notices and that the Department's failure to send the requested notice has nothing to do with their limitations defense. We do not believe the rule of *A. J. Setting Co.* ought to be extended to the facts before us and we conclude instead, as did the court in *Structural Steel Fabricators, Inc.* v. *City of Orange* (1991) 234 Cal.App.3d 1206 [286 Cal.Rptr. 24], that application of estoppel considerations to stop notice actions turns on the facts of each case.

*A. J. Setting Co.* was a straight case of equitable estoppel and it did not involve section 3185 or any other statutory duty. Setting, like Thompson, was a subcontractor on a public works project. Like Thompson, Setting was not paid in full and it served a stop notice. According to Setting's pleadings, there followed a number of conversations between Setting's representatives and representatives of the entity, during which the latter assured the former that the job was not complete, that funds were still available, and that payment would be made upon completion of the job. Setting did not file its complaint against the entity until after expiration of the statutory period (§ 3210) and the entity defended on the ground of limitations.

As Division Five of our district explained, when Setting filed a stop notice with the entity, it acquired an immediate right against the earnings to be paid to the prime contractor in an amount sufficient to cover the claim asserted in the stop notice. "However, this right against the withheld funds was required by . . . sections 3210 and 3184 to be perfected by filing an action on the stop notice within 120 days after the notice of completion was recorded." (*A. J. Setting Co.* v. *Trustees of Cal. State University & Colleges, supra,* 119 Cal.App.3d at p. 383.) Since this was not done, the action was barred.

Setting attempted to avoid that result by pointing to statements by the entity's agents, claiming it was induced to defer its action and that traditional concepts of equitable estoppel overcame a limitations defense. Relying on cases arising in the context of suits to enforce or avoid contractual obligations (e.g., *Santa Monica Unified School Dist.* v. *Persh* (1970) 5 Cal.App.3d 945 [85 Cal.Rptr. 463]), the court refused to apply estoppel to extend the limitations period of section 3210 because estoppel, if applied, would expand the entity's power to withhold funds from the prime contractor. (*A. J.*

*Setting Co.* v. *Trustees of Cal. State University & Colleges, supra,* 119 Cal.App.3d at p. 384.).

In *Structural Steel Fabricators, Inc.* v. *City of Orange, supra,* 234 Cal.App.3d at page 1212, the Fourth District disagreed with *A. J. Setting Co.*, concluding that "[e]stoppel can be asserted, as a matter of law, to extend the time limits within which to file an action to enforce a stop notice. We recognize there are circumstances, such as those alluded to in *Setting,* in which applying estoppel might be unfair. Those possibilities may be worthy of consideration in assessing the merits of a claimant's position. However, they should not preclude applying the doctrine in the first instance if [the public entity] did lull [the stop notice claimant] into sitting on its rights and will not be exposed to paying for the same work twice. [¶] We believe the *Setting* court placed too much emphasis on the rights of the public entity and the prime contractor, at the expense of the claimant. While estoppel may not have been appropriate under the facts of that case, it may well be in ours." For this reason, summary judgment was reversed.

On the facts before us, the availability of estoppel is essential to give meaning to section 3185. Thompson timely requested notice of expiration of the stop notice period so that it would know the deadline for filing suit. (See Cal. Mechanics' Liens and Other Remedies, *supra,* Claims on Public Works, § 3.16, p. 129.) Thompson paid the required fee. (§ 3185.) With these conditions satisfied, the statute imposed a mandatory duty on the Department to give the required notice. (§ 3185 ["the public entity shall give notice"].) Under these circumstances, our refusal to consider estoppel would constitute our endorsement of a public entity's unexcused failure to comply with a statute designed to protect stop notice claimants. ██ ██ ▬▬ It would also read all meaning out of section 3185. (*DeYoung* v. *City of San Diego* (1983) 147 Cal.App.3d 11, 17-18 [194 Cal.Rptr.722] [a statute "must be given a reasonable and common sense interpretation consistent with the apparent purpose and intention of the lawmakers, practical rather than technical in nature, which upon application will result in wise policy rather than mischief or absurdity"].)[2]

We refuse to reach the anomalous result urged by the Department and therefore conclude that a public entity's failure to comply with section 3185

---

[2]When section 3185 was enacted in 1969 (Stats. 1969, ch. 1362, § 2, pp. 2771-2772), section 3210 restricted actions to enforce stop notices to a 90-day window which opened on the last day stop notices could be filed and closed 90 days thereafter. (Former § 3210, added by Stats. 1969, ch. 1362, § 2, p. 2775.) In 1971, section 3210 was amended to permit a stop notice claimant to file suit at any time after 10 days from the date of service of its stop notice—but the 90-day cutoff was not changed and it is still calculated by reference to expiration of the period for filing stop notices. (Stats. 1971, ch. 1538, § 2, p. 3046.) Section 3185 was not amended or repealed in 1971 (or at any other time) and it remains on the books as originally enacted in 1969. (Stats. 1969, ch. 1362, § 2, p. 2771.) The Department never-

after proper request by a stop notice claimant may preclude reliance by the entity on the bar of limitations otherwise imposed by section 3210. To the extent *A. J. Setting Co.* holds that estoppel can never apply to a public entity in a stop notice action, we note our disagreement with that case and our preference for the more flexible rule announced in *Structural Steel Fabricators, Inc.* (See also *Canfield v. Prod* (1977) 67 Cal.App.3d 722, 730-732 [137 Cal.Rptr. 27] [equitable estoppel will be applied against the government where justice and right require it]; *Farrell v. County of Placer* (1944) 23 Cal.2d 624, 630-631 [145 P.2d 570, 153 A.L.R. 323].)

■ We also conclude that, on these facts, the Department's failure to give the notice required by section 3185 may estop DC as well as the Department from asserting the bar of limitations. Any other result would be unacceptable. The money due to Thompson was not paid to it by Moss, apparently because Moss was insolvent. When Thompson timely served its stop notice on the Department, the Department properly withheld money then due to DC. When Thompson did not file its stop notice action on time (possibly because the Department failed to give the requested notice), the Department paid that money to DC.

Unless we hold that DC may be estopped from asserting the bar of limitations, it is possible that DC will receive a windfall[3] while the Department is required to pay twice for one mistake. (*Structural Steel Fabricators, Inc. v. City of Orange, supra,* 234 Cal.App.3d at p. 1212.) We find such a result to be both inappropriate and unnecessary.[4] By holding that an entity's failure to give the notice required by section 3185 may estop the prime contractor as well as the entity from asserting the bar of limitations, we ensure the trial court's ability to craft a judgment designed to prevent a windfall to one party at the inappropriate expense of another. (*Appalachian Ins. Co. v. McDonnell Douglas Corp.* (1989) 214 Cal.App.3d 1, 39 [262 Cal.Rptr. 716] [courts are not powerless to formulate rules of procedure where justice demands it and rules of procedure will be adapted to serve the

theless contends that section 3185 has become superfluous—because the claimant "knows" it can file suit starting on the eleventh day following service of its stop notice. We disagree. The fact that the claimant knows the *first* day it *may* sue has nothing to do with its ability to determine the public entity's calculation of the last day on which the claimant *must* sue to avoid the bar of limitations, and its ability to request notice under section 3185 protects it from miscalculating that last day. For this reason, section 3185 is not superfluous.

[3]On the record before us, we do not know whether DC had previously paid Moss the money owed by Moss to Thompson or whether that amount was paid later, after DC was paid, or whether that amount was paid to Moss at all.

[4]We are not persuaded by DC's one-paragraph discussion of this point, in which it concludes (without benefit of any authority at all) that the Department's failure to give the notice required by section 3185 cannot be imputed to it. All parties inexplicably waived oral argument.

ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits].)[5]

DISPOSITION

The judgment is reversed, and the matter is remanded for retrial, at which time Thompson is to be given the opportunity to prove the elements of estoppel. (*Santee* v. *Santa Clara County Office of Education* (1990) 220 Cal.App.3d 702, 715-716 [269 Cal.Rptr. 605].) J. H. Thompson Corporation is to recover its costs on appeal.

Spencer, P. J., and Ortega, J., concurred.

A petition for a rehearing was denied April 20, 1992.

---

[5]In light of our conclusion that the stop notice action may have been timely filed, we do not reach (1) Thompson's contention that the Moss bankruptcy tolled the statute of limitations on the stop notice; or (2) the Department's contention that Thompson's lawsuit, if construed as something other than a stop notice action, is barred by section 945.4 of the Government Code. (Compare *A. J. Setting Co.* v. *Trustees of Cal. State University & Colleges, supra,* 119 Cal.App.3d at p. 385 with § 3265 and Gov. Code, § 905, subd. (b).)