[No. A052744. First Dist., Div. Two. Oct. 6, 1992.]

BLAIR EXCAVATORS, INC., Plaintiff and Respondent, v.
PASCHEN CONTRACTORS, INC., et al., Defendants and Appellants.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rule 976.1(a), this opinion is certified for publication with the exception of sections II.B. and II.C.

1816

## COUNSEL

Thelen, Marrin, Johnson & Bridges, David Buoncristiani, Kevin O'Brien and Christine Haas for Defendants and Appellants.

McInerney & Dillon, Robert L. Leslie and Quinlan S. Tom for Plaintiff and Respondent.

## OPINION

**PETERSON, J.***—This appeal follows a trial to the court on public project bond claims concerning unpaid construction bills, after a subcontractor's 90-day preliminary bond notice and a 20-day preliminary stop notice under Civil Code[1] sections 3091 and 3098. In the published portion of this opinion, we will hold, in affirming the judgment, that the statutory requirement of "substantial accuracy" in the statement of the amount claimed in a bond notice under section 3091 was designed to avoid prejudice to the party claimed against and that, in the absence of any such prejudice, a plaintiff may recover an amount greater than that stated in the initial section 3091 notice.

### I. FACTS AND PROCEDURAL HISTORY

For present purposes, the facts may be briefly summarized. Blair Excavators, Inc. (Blair), respondent herein, performed certain excavating work on a public wastewater treatment project in Marin County; in connection with the project, appellant general contractor executed a bond in the amount of more than $43 million. Blair performed its work as a subcontractor to Ferrante Construction Company, which in turn was a subcontractor to and in privity of contract with appellant general contractor. Ferrante and Blair had a falling

---

*Presiding Justice of the Court of Appeal, First District, Division Five, sitting under assignment by the Chairperson of the Judicial Council.

[1]Unless otherwise indicated, all subsequent statutory references are to the Civil Code.

out after Blair had performed substantial work; Blair contended it was not paid for all of the work it did. Ferrante subsequently declared bankruptcy and is not a party to this litigation.

Blair gave statutory notices of its claim to appellant general contractor, seeking payment of the amounts which Ferrante did not pay. Blair sent a 90-day preliminary bond notice under the terms of section 3091, and a 20-day preliminary stop notice under section 3098. Both notices specified the amount due pursuant to Blair's subcontract with Ferrante, slightly more than $200,000. Blair subsequently brought suit pursuant to its bond notices.

At trial, the court allowed Blair to prove damages in excess of the $200,000 which was owing by Ferrante—in accord with California precedents holding that it is the reasonable value of the services provided, not the price specified in a contract with a party which is not before the court, which is the proper measure of damages in an action such as this one where the general contractor defendant is not contractually in privity with the plaintiff subcontractor of an intermediate subcontractor. The trial court also ruled that appellant general contractor here would suffer no prejudice from facing a claim in excess of the approximately $200,000 specified in the 90-day notice.

The trial court ruled that Blair should collect $335,000 as the reasonable value of the unpaid work. The trial court also awarded prejudgment interest on this sum from the date of suit. Appellant general contractor and its sureties (hereafter appellants) brought a timely appeal.

II. DISCUSSION

A. *Respondent May Recover an Amount Greater Than That Stated in a Preliminary Bond Notice Since Appellants Were Not Thereby Prejudiced*

We affirm. The trial court properly awarded damages and interest in the particular circumstances of this case; appellants' contentions to the contrary are without merit.

Appellants primarily claim that Blair's recovery should have been limited to the amount of its contract price with Ferrante, slightly more than $200,000, which was also the amount stated in the bond notices. However, the trial court properly concluded that the correct measure of damages here was the reasonable value of the services rendered, not the contract price, since appellant general contractor was not in privity with Blair, the subcontractor of a subcontractor. (See, e.g., *Lewis & Queen* v. *S. Edmondson & Sons* (1952) 113 Cal.App.2d 705, 707 [248 P.2d 973]; accord, *Powers Regulator Co.* v. *Seaboard Surety Co.* (1962) 204 Cal.App.2d 338, 345 [22 Cal.Rptr. 373].)

Further, the trial court found that Ferrante had required Blair to do much work on the project which was not within the scope and terms of the original project, causing the value of Blair's work to exceed the contract price.

■ The primary legal issue raised on this appeal, however, arises from the fact Blair's bond notice claimed only about $200,000, although at trial it sought to prove the reasonable value of its services greatly exceeded that figure. The trial court found that, although the value proved at trial for Blair's services exceeded the roughly $200,000 it had claimed previously in the 90-day bond notice, Blair's recovery should not be limited to the amount stated in the bond notice since Blair had complied with the demand of section 3091, requiring the amount claimed to be stated with "substantial accuracy"; and that appellant general contractor and its sureties had not been at all prejudiced by the difference in the amounts stated. There is no authority directly on point as to whether the amount stated with "substantial accuracy" in the bond notice provides an absolute upper limit on a plaintiff's claim at trial. We agree with the trial court's ruling that, in the absence of a showing of prejudice, the amount of the section 3091 notice does not limit the amount of recovery. Further, the trial court properly found no prejudice here.

Appellants even now point to no solid, actual prejudice suffered as a result of the difference in the amounts (the general contractor did not claim it would have paid the claim if it had been for more than $200,000), but simply conjecture there might have been some prejudice. We will not overturn the trial court's ruling based upon mere speculation. Appellants cite no cases, nor have we found any, which would limit the amount of the reasonable value of services to be awarded on a section 3091 claim to the amount stated in the plaintiff's preliminary bond notice. To the contrary, the courts have liberally construed these statutory remedies enacting mechanic's liens, in order to provide adequate compensation for those providing materials or services to public works projects. (*Connolly Development, Inc.* v. *Superior Court* (1976) 17 Cal.3d 803, 826-827 [132 Cal.Rptr. 477, 553 P.2d 637]; *Hutnick* v. *United States Fidelity & Guaranty Co.* (1988) 47 Cal.3d 456, 462 [253 Cal.Rptr. 236, 763 P.2d 1326].)

For instance, in *California Elec. Supply Co.* v. *United Pac. Life Ins. Co.* (1964) 227 Cal.App.2d 138, 147 [38 Cal.Rptr. 479], Division One of this district interpreted the "substantial accuracy" provision, as then stated in Government Code section 4209, as requiring only that "the nature and state of plaintiff's claim [be] brought home to [the] prime contractor" by a schedule of work completed. Thus, the courts have excused technical defects in conforming a claim used by materialmen or other subcontractors to the requirements of statute, provided no prejudice thereby resulted to the property owner, general contractor, or surety. (See, e.g., *Industrial Asphalt, Inc.* v.

*Garrett Corp.* (1986) 180 Cal.App.3d 1001, 1007 [226 Cal.Rptr. 17] [Although the plaintiff failed to serve a 20-day preliminary notice upon a party, he could still recover in the absence of prejudice from the technical fault.].) "We see no reason, in the absence of prejudice," (*ibid.*) why a similar rule should not apply here; the trial court properly so ruled.

The requirement of section 3091, that a claim be stated with "substantial accuracy," could only have been intended to prevent prejudice to the party claimed against.[2] For instance, a general contractor faced with such a claim might decide to withhold payments from its subcontractor, which would be sufficient to cover the claim, or might secure a bond in the amount of the claim. In those circumstances, the general contractor would plainly be prejudiced if it were called upon to litigate at trial an amount far greater than the amount it had secured itself against. However, there was absolutely no such showing here.

Our analysis is consistent with that of Justice Sims of this district in *General Elec. Co.* v. *Central Surety & Ins. Corp.* (1965) 232 Cal.App.2d 590 [43 Cal.Rptr. 48]. There, a discrepancy between the claim notice (which *overstated* the amount due by about 50 percent) and the amount of the recovery was found to be of no consequence: "The statutory reference [to 'substantial accuracy'] is to the claim not to the amount of recovery." (*Id.* at p. 596.) Thus, six years after the enactment of the "substantial accuracy" requirement, this court rejected a contention that the claim, rather than the amount properly shown due by the evidence at trial, controlled the extent of the claimant's recovery.

The trial court correctly found no prejudice to appellants from the difference in the amount the evidence showed was due respondent and that stated in its claim. Despite appellants' complaints that the trial court did not so rule until the end of the case, appellants actually had every opportunity to present any credible evidence of prejudice, but failed to do so; they also signally fail now to specify any particular prejudice actually suffered, and concede the nature of any prejudice must remain conjectural.[3]

---

[2] The "substantial accuracy" language of section 3091 derives from former Government Code section 4209, which was enacted in 1959. (Stats. 1959, ch. 1594, § 1, p. 3935.) The term "substantial accuracy" is not defined in the statute, legislative history, or subsequent case law. While arguably a claim for about $200,000 does not state a claim for $335,000 with "substantial accuracy," neither the statute nor subsequent case law provides that the claimed amount is an upper limit on recovery at trial.

[3] The preliminary bond notice (§ 3091) was also properly served by certified mail upon the contractor (see *San Joaquin Blocklite, Inc.* v. *Willden* (1986) 184 Cal.App.3d 361, 365-366 [228 Cal.Rptr. 842] [Service by certified mail is specified in the statute, so the notice provisions of the lien law, as opposed to the contents of the notice itself, cannot be the subject

The trial court found that such notice stated, with substantial accuracy, the value of respondent's contract claim[4] for the work performed. That finding, in the absence of appellants' showing of actual prejudice by reliance on the amount stated as due in the claim, triggered the prime contractor's reasonable expectation it would be liable for the reasonable value of respondent's services rendered. ██ The trial court's rulings in this particular factual situation are not subject to reversal.[5]

B., C.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### III. Disposition

The judgment is affirmed.

Kline, P. J., and Benson, J., concurred.

A petition for a rehearing was denied October 26, 1992, and appellants' petition for review by the Supreme Court was denied January 21, 1993. Kennard, J., was of the opinion that the petition should be granted.

of liberal construction.]; but cf. *Fidelity Sound Systems, Inc.* v. *American Bonding Co.* (1978) 85 Cal.App.3d Supp. 13, 20-22 [149 Cal.Rptr. 674] [Where there is actual notice, the manner of service may be immaterial.]).

[4]The record shows appellant general contractor took no action, on receipt of respondent's section 3091 bond notice claim, to indemnify or protect itself therefrom, either by withholding the amounts respondent claimed from payments due from appellant general contractor to Ferrante, the subcontractor, or by requiring any form of security at all therefor from Ferrante. Appellants contended at argument that they relied for such indemnity and protection on Ferrante's representations its claims of set-off against respondent would nullify respondent's claim. Disputes between subcontractors and their subcontractors, materialmen, and mechanics as to amounts owed and claims of set-off are common and frequently remain unresolved pending litigation. A general contractor receiving such a bond notice claim cannot, as appellants urge, claim it prejudicially relied on the amount stated therein as defining the limit of claimant's recovery, simply because it accepted the assurance of its subcontractor that the claim amount asserted is not owed and/or is subject to set off by the subcontractor who engaged the claimant. No such assurance was given appellant general contractor by respondent.

[5]Appellants also claim that the service of the 20-day stop notice under section 3098, though not the 90-day bond notice under section 3091, was untimely. It is conceded that the 20-day notice was served about a month late; the trial court ruled this defect was of no moment, in light of the liberal construction to be afforded the statutory remedy and the lack of any prejudice to appellants. We agree. (Cf. *Truestone, Inc.* v. *Simi West Industrial Park II* (1984) 163 Cal.App.3d 715, 723 [209 Cal.Rptr. 757] [Statutory requirements of the comparable section 3097 are not the subject of "strict compliance."]; see also *J. H. Thompson Corp.* v. *DC Contractors* (1992) 4 Cal.App.4th 1355, 1361 [6 Cal.Rptr.2d 395] [The statute of limitations for stop notice claims may be extended by estoppel.]; *Krueger Brothers Builders, Inc.* v. *San Francisco Housing Authority* (1988) 198 Cal.App.3d 1, 6-7 [243 Cal.Rptr. 585].) In any event, even if we were to conclude to the contrary, there would be no effect on the $335,000 judgment under the preliminary bond notice claim; a 20-day stop notice is not a prerequisite to such a claim. (§ 3250.)

*See footnote, *ante*, page 1815.