[Civ. No. 27529. First Dist., Div. One. Apr. 16, 1971.]

ROBERT SWAN, Plaintiff and Respondent, v.
CIVIL SERVICE COMMISSION OF
MENDOCINO COUNTY et al., Defendants and Appellants.

## COUNSEL

Duncan M. James, District Attorney, Michael R. Dougherty, Assistant District Attorney, and Burgess Williams, Deputy District Attorney, for Defendants and Appellants.

Thomas C. Lynch, Attorney General, Jan Stevens, Deputy Attorney General, and Thomas H. Frankel as Amici Curiae on behalf of Defendants and Appellants.

Merle P. Orchard for Plaintiff and Respondent.

## OPINION

**ELKINGTON, J.**—The question presented on this appeal from a judgment and writ of mandate is properly stated as: may a county be required to rehire as a "sanitarian" one whose services were terminated because

he was neither a "registered sanitarian," nor otherwise qualified as such under the provisions of Health and Safety Code sections 540-542 (div. 1, pt. 2, ch. 1, art. 5), enacted in 1945.

Health and Safety Code section 540 defines "sanitarian" as "a person trained in the field of sanitary science and technology who is qualified to carry out educational and inspectional duties and enforce the law in the field of sanitation."

Section 541, as relevant to the issues before us provides that "The governing body . . . of a county . . . may employ on a full time basis one or more sanitarians each of whom shall be a registered sanitarian as provided for in this article . . . ."

Section 542, as applicable, provides, (1) that the state may hold examinations "for the purpose of determining persons who are qualified and competent to act as registered sanitarians," (2) for the issuance of "a certificate as a registered sanitarian to each person who passes such examination," and (3) that "[t]he State Board of Public Health may by rule establish minimum standards and qualifications for such persons."

Pursuant to the authority of section 542, the State Board of Public Health by rule (see 17 Adm. Code, § 7941, effective Jan. 1, 1958) established as a qualification for taking an examination for sanitarian, that the examinee hold a bachelor's degree in any of certain designated fields or, not relevant here, certain alternative qualifications.

The facts of the case are not in dispute. Plaintiff and respondent Robert Swan has never been certified as a registered sanitarian, and he does not possess the educational or other qualifications required by the State Board of Public Health. In 1958 he went to work for Mendocino County as a sanitarian technician. Two years later he was promoted to the position of sanitarian. It is conceded that as such sanitarian his duties were those covered by Health and Safety Code sections 540-542. At the time of Swan's promotion to the post of sanitarian both he and the appointive power, the county health officer, knew of Health and Safety Code sections 540-542. They also knew at the time that Swan was not a registered sanitarian and did not have the required qualifications therefor. Prior to his appointment he took "the sanitarian's examination of the National Association of Sanitarians" and received a passing grade of 85 percent. Throughout the period of his employment Swan's services appear to have been satisfactorily performed.

In 1969 a successor county health officer fortuitously learned of Swan's lack of statutory qualifications. He was given a choice of resigning or being discharged. He chose to resign, but it was stipulated that this was

without prejudice to the assertion of such rights as he otherwise would have to regain his employment. An unsuccessful appeal to the county civil service commission was followed by mandamus proceedings in the superior court.

■ The superior court's findings were consistent with the evidence we have outlined. From these findings it was concluded (1) that although Swan "did not meet the educational requirements of the licensing statute" in all other respects he "was capable of and competent to perform the work of sanitarian," (2) that he was "entitled to be reinstated in his position as sanitarian," and (3) that the county civil service commission in denying Swan's appeal "acted in excess of its jurisdiction." A judgment was entered, and a peremptory writ of mandate was issued accordingly.

We have concluded that the superior court erred. Our reasons follow.

As we have pointed out, Health and Safety Code section 541 provides that each sanitarian employed by a county *"shall* be a registered sanitarian." (Italics added.) Section 16 of the same code states: " 'Shall' is mandatory and 'may' is permissive." The statute could not indicate in clearer or stronger terms that Swan was not legally eligible to hold the post of sanitarian, and that his appointment thereto had been unlawful *ab initio*. The judgment and writ called upon the Mendocino County authorities to "reinstate Robert Swan as sanitarian"; this mandated the performance of an unlawful act.

■ "Mandamus will not lie to compel the performance of acts which are void, illegal, contrary to public policy, or which tend to aid in an unlawful purpose." (*Plum* v. *City of Healdsburg,* 237 Cal.App.2d 308, 317 [46 Cal.Rptr. 827]; and see authorities there cited.)

■ Swan places much reliance on an ordinance of Mendocino County which was enacted during the period of his employment as sanitarian. The ordinance provides: "Every person employed by the County of Mendocino at the time of the operative date of this ordinance or who has held an office of employment continuously for six (6) months prior to such operative date shall be deemed to be appointed to such office and confirmed in such position until terminated, suspended or dismissed in accordance with the terms of this ordinance."

Obviously a county ordinance may not appoint one to, or confirm, an employment which is unlawful and prohibited by state law. (See *In re Means,* 14 Cal.2d 254, 259-260 [93 P.2d 105].)

The judgment and peremptory writ of mandate are reversed. The superior court will enter judgment denying the application for mandate.

Molinari, P. J., and Sims, J., concurred.

A petition for a rehearing was denied May 14, 1971, and respondent's petition for a hearing by the Supreme Court was denied June 9, 1971.