[No. A038490. First Dist., Div. Two. Dec. 15, 1988.]

PAINTING & DRYWALL WORK PRESERVATION FUND, INC., et al., Plaintiffs and Respondents, v.
LLOYD W. AUBRY, JR., as Labor Commissioner, etc., et al., Defendants and Appellants.

**COUNSEL**

H. Thomas Cadell, Jr., for Defendants and Appellants.

James P. Watson and Cox, Castle & Nicholson as Amici Curiae on behalf of Defendants and Appellants.

Pauline M. Sloan and Patricia Gates for Plaintiffs and Respondents.

**OPINION**

BENSON, J.—California State Labor Commissioner Lloyd W. Aubry, Jr., on behalf of the Division of Labor Standards Enforcement, Department of

Industrial Relations (Division), appeals from a judgment granting the Painting and Drywall Work Preservation Fund, Inc. (Fund) a peremptory writ of mandate. Division only challenges that portion of the writ which provides: "Upon receipt from [Fund] of a timely complaint supported by prima facie evidence of violation of Labor Code Section[s] 1771 and 1774,[1] the Division of Labor Standards Enforcement, Bureau of Field Enforcement shall issue a Verified Claim and Stop Notice to the contractor(s) or subcontractor(s) against whom the complaint was made."[2]

Fund is a nonprofit organization comprised of painting and drywall contractors and painters' unions throughout California. The purpose of the fund is to further the public interest and the interests of its members by investigating both state and federal public works projects and filing complaints with appropriate agencies when investigations reveal possible statutory violations.

On September 26, 1986, Fund filed a petition for writ of mandate alleging in part that Division had abused its discretion in the conduct of the investigation of nine specific complaints filed with the Division by the Fund from 1984 through 1986 by either refusing to exercise its discretion or by failing to enforce those Labor Code provisions governing public works projects in California. After a hearing on the matter, the trial court issued a statement of decision, judgment and peremptory writ. In addition to that portion of the writ quoted above, the writ ordered the Division to file with the court a "written policy by the Division of Labor Standards Enforcement implementing terms of the writ."

On appeal Division generally contends that the trial court exceeded its jurisdiction in granting the writ of mandate directing Division to issue and serve a verified claim and stop notice on the awarding body upon receipt of a complaint from Fund containing a prima facie evidence of a violation of the prevailing wage. We agree.

"Issuance of mandamus is subject to well settled principles. ■ The writ is available 'to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station.' [Citation.]

---

[1] All further statutory references are to the Labor Code unless otherwise indicated.

[2] Fund originally filed a petition for writ of mandate against George Deukmejian, Governor of California, Ronald Rinaldi, Director, Department of Industrial Relations, State of California, C. Robert Simpson, Chief Deputy Director, Department of Industrial Relations, State of California, Lloyd Aubry, Jr., Labor Commissioner, Division of Labor Standards Enforcement, Department of Industrial Relations, State of California, and Gail Jesswein, Chief, Division of Apprenticeship Standards, Department of Industrial Relations, State of California. George Deukmejian was found not to be a proper party and was dismissed from the action. This court has recaptioned the action to reflect those parties directly affected by the issues in this appeal.

■ It will lie to compel action by a public body or official only if there is a clear, present, and ministerial obligation to take the action. [Citations.] Conversely, the action commanded cannot invade the area of discretion with which an administrative agency is vested over a given subject matter. [Citations.] Between these opposing standards is the rule that ' "[w]hile ordinarily, mandamus may not be available to compel the exercise by a court or officer of the discretion possessed by them in a particular manner, or to reach a particular result, it does lie to command the exercise of discretion—to compel some action upon the subject involved." ' [Citations.]" (*Sklar* v. *Franchise Tax Board* (1986) 185 Cal.App.3d 616, 622 [230 Cal.Rptr. 42].) With these principles in mind, we must determine their applicability to Fund's petition.

■ It is Fund's position that Division failed to comply with the mandate of section 90.5 in that it failed to vigorously enforce the prevailing wage statutes of this state. We find reliance on this statute to be misplaced and we determine, for reasons hereafter set forth, that section 90.5 cannot serve to support issuance of the writ.

Section 90.5 provides in pertinent part: "(a) It is the policy of this state to vigorously enforce minimum labor standards in order to ensure employees are not required or permitted to work under substandard unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with the minimum labor standards.

"(b) In order to ensure minimum labor standards are adequately enforced, the Labor Commissioner shall establish and maintain a field enforcement unit, which shall be administratively and physically separate from offices of the division which accept and determine individual employee complaints. . . . The unit shall have primary responsibility for administering and enforcing those statutes and regulations most effectively enforced through field investigations, including Sections . . . 1771,[3] . . . in accordance with the plan adopted by the Labor Commissioner pursuant to subdivision (c). . . .

---

[3] Section 1771 provides in part: "Except for public works projects of one thousand dollars ($1,000) or less, not less than the general prevailing rate of per diem wages for work of a similar character in the locality in which the public work is performed, and not less than the general prevailing rate of per diem wages for holiday and overtime work fixed as provided in this chapter, shall be paid to all workers employed on public works."

Although it is not specifically mentioned in section 90.5, section 1774 provides: "The contractor to whom the contract is awarded, and any subcontractor under him, shall pay not less than the specified prevailing rates of wages to all workmen employed in the execution of the contract."

"(c) The Labor Commissioner shall adopt an enforcement plan for the field enforcement unit. The plan shall identify priorities for investigations to be undertaken by the unit which ensure the available resources will be concentrated in industries, occupations, and areas in which employees are relatively low paid and unskilled, and those in which there has been a history of violations of the statutes cited in subdivision (b)."

While the subdivision (a) of the statute generally states the legislative intent to vigorously enforce minimum labor standards, subdivision (c) clearly grants the Labor Commissioner the right to adopt an enforcement plan and to identify priorities for investigations. ■ Consequently, the Labor Commissioner has discretion to determine which investigations to conduct. The statute creates no duty, express or implied, which requires Division to investigate or take action on every complaint which is filed with the Division.

■ Moreover, mandamus cannot be applied to control discretion as to a matter lawfully entrusted to a governmental agency. (*State of California* v. *Superior Court* (1974) 12 Cal.3d 237, 247 [115 Cal.Rptr. 497, 524 P.2d 1281].) ■ Here, the nine specific complaints relied upon by Fund to support its petition did not indicate that Division had failed to exercise its discretion. Two complaints appear to be based on the fact that Division withdrew the verified claim and stop notices; two objected to the waiver of penalties; one faulted Division for failing to conduct a hearing when a contractor refused to supply payroll records; one criticized Division for closing a case; another complained that Division had lost a case file and was unable to give Fund a status report; and two stated that Division failed to take action against companies which allegedly were taking kickbacks and/or were not paying prevailing wages. The last two claims do not indicate that Division failed to exercise discretion. Indeed, in its return to Fund's petition, Division indicates that it commenced investigation of Fund's claims and was unable to reach a satisfactory conclusion either because the contractor left the state or after Division's referral of the case to the district attorney, the district attorney failed to prosecute. Thus, it appears that Fund is criticizing the manner in which Division is exercising its discretion, not that it is failing to exercise its discretion. .

■ It is also established that mandamus will not lie to compel the performance of any act which is contrary to statute or public policy. (*Duff* v. *City of Gardena* (1980) 108 Cal.App.3d 930, 936 [167 Cal.Rptr. 4]; *Swan* v. *Civil Service Commission* (1971) 16 Cal.App.3d 710, 713 [94 Cal.Rptr. 236].) ■ The terms of the writ of mandate in the present case are contrary to statutory authority. Section 1727 states: "Before making payments to the contractor of money due under a contract for public work, the

awarding body shall withhold and retain therefrom all amounts which have been forfeited pursuant to any stipulation in a contract for public work, and the terms of this chapter. *But no sum shall be withheld, retained or forfeited, except from the final payment, without a full investigation by either the Division . . . or by the awarding body.*" (Italics supplied.) ■ Implicit in this section is the requirement that the Division may not serve a verified claim and stop notice unless Division has completed an investigation of wages. (See *Krueger Brothers Builders, Inc.* v. *San Francisco Housing Authority* (1988) 198 Cal.App.3d 1, 8 [243 Cal.Rptr. 585].) ■ Yet the terms of the writ require Division, through its Bureau of Field Enforcement, to issue a verified claim and stop notice *upon receipt* from fund of a timely complaint supported by prima facie evidence of violation of sections 1771 and 1774. The writ clearly is contrary to the statutory requirement that the verified claim and stop notice not be served prior to a complete investigation.

In light of the above discussion, we conclude that the trial court abused its discretion in mandating Division to take a prescribed course of conduct upon receipt of a complaint from Fund when it is within the discretion of the Labor Commissioner to determine what action to take. Moreover, we find that the conduct ordered by the writ is contrary to section 1727 and, accordingly, cannot be compelled.

That portion of the judgment which orders a peremptory writ of mandate commanding Division to issue a verified claim and stop notice upon receipt of a timely complaint supported by prima facie evidence of a violation of sections 1771 and 1774 is reversed.[4] In all other respects the judgment is affirmed.

Kline, P. J., and Pollak, J.,* concurred.

A petition for a rehearing was denied January 13, 1989.

---

[4]Although the judgment does not so state, the peremptory writ required Division to file with the court a written policy implementing the terms of the writ. In light of this opinion, that portion of the writ which requires a written policy should be deleted.

* Assigned by the Chairperson of the Judicial Council.